

JUDGE MARRERO

PREET BHARARA
United States Attorney for the
Southern District of New York
By:   ANDREW C. ADAMS
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      Tel. (212) 637-2340

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                :

                Plaintiff,               :     VERIFIED COMPLAINT

                                         :     15 Civ.
        - v. -
                                         :

THE TAPESTRY KNOWN AS "THE               :
AMBASSADORS OF ROME OFFERING
THE THRONE TO NUMA POMPLIO",             :
LOCATED AT BONHAMS, 580 MADISON
AVENUE, NEW YORK, NEW YORK 10022         :

                Defendant-in-rem.        :
- - - - - - - - - - - - - - - - - - - - x

        Plaintiff United States of America (the "Government"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its complaint ("Complaint") alleges, upon information and belief, as follows:

                    I.   NATURE OF THE ACTION

        1.   This action is brought by the Government seeking forfeiture of all right, title and interest in a tapestry depicting "The Ambassadors of Rome Offering the Throne to Numa Pomplio" (the "Defendant in Rem"), measuring 10ft 6 in. by 18

1

ft. 7 in, with an appraised approximate value of $30,000 to $50,000. A photograph of the Defendant in Rem is attached hereto as Exhibit A. The Defendant in rem is currently in the possession of Bonhams New York Gallery located in New York, New York.

2. The Defendant in Rem is subject to forfeiture pursuant to 19 U.S.C. § 1595a(c) because there is probable cause to believe that the Defendant in Rem is stolen property introduced into the United States contrary to law. The Defendant in Rem is also subject to forfeiture pursuant to 18 U.S.C. § 545 because there is probable cause to believe that the Defendant in Rem is merchandise which has knowingly been brought into the United States contrary to law. The Defendant in Rem is further subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because there is probable cause to believe that the Defendant in Rem is property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 2314 and 2315.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper under 28 U.S.C. § 1395 because the Defendant in Rem is located in the Southern District of New York. Venue is also proper under 28 U.S.C. § 1355(b)(1)(A)

because acts and omissions giving rise to the forfeiture occurred in the Southern District of New York.

### III.  FACTUAL BACKGROUND

5. On or about October 15, 2006, an unidentified individual or individuals stole the Defendant in Rem from the residence of its owner Jaime Gandarilla Infante ("Infante") at his residence located in Santiago, Chile.

6. On or about October 15, 2006, Infante reported the theft of the Defendant in Rem to local authorities. The police report indicated that Infante received a phone call of a possible break-in at his residence from building personnel. Infante advised police authorities that, upon arriving at his residence, he realized that two tapestries that he and his sister inherited in June 2004, were missing, one of which included the Defendant in Rem.

7. Following an investigation, the police authorities were unable to identify the individual or individuals who had taken the Defendant in Rem and were unable to locate the Defendant in Rem.

8. On or about November 22, 2006, Chilean authorities reported the theft of the Defendant in Rem to INTERPOL.

9. In or about 2007, the Defendant in Rem was entered into the INTERPOL Stolen Works of Art Database under number 2007/2882-1.1.

10. Additionally, the Defendant in Rem was identified on the "Most Wanted Works of Art" poster published by INTERPOL in June 2007.

11. On or about September 27, 2013, a private art dealer (the "Dealer"), a resident of Santiago, Chile, contacted Bonhams New York Gallery located at 580 Madison Avenue, New York, New York ("Bonhams") via email and inquired into selling the Defendant in Rem at Bonhams. The email included a color photograph of the Defendant in Rem.

12. On or about October 3, 2013, a representative from Bonhams replied to the Dealer's email and advised that Bonhams would be willing to sell the Defendant in Rem at auction with an estimated appraised value between $30,000 to $50,000.

13. On or about October 7, 2013, the Dealer agreed to consign the Defendant in Rem to Bonhams in order to be sold at auction on January 23, 2014.

14. On or about October 10, 2013, the Dealer mailed the Defendant in Rem from Santiago, Chile to Bonhams' New York Gallery via DHL Express. On a DHL commercial invoice, the

Dealer declared that he was exporting a "carpet" with an approximate value of "$700."

15. On or about January 2, 2014, the Dealer executed a consignment agreement with Bonhams under which the Dealer consigned the Defendant in Rem to Bonhams for sale at auction.

16. The Defendant in Rem was included as Lot 1201 in the auction catalogue (the "Catalogue") for Bonhams Fine American and European Furniture, Silver Folk and Decorative Arts and Clocks Sale which was to be held on January 23, 2014. That photograph depicted the Defendant in Rem.

17. Before the Defendant in Rem was listed for sale by Bonhams in the Catalogue, neither, Infante, Chilean authorities, nor United States Authorities, knew the whereabouts of the Defendant in Rem.

18. On or about January 10, 2014, Bonhams' representative emailed the Dealer advising him that they had received a request for information as to the Defendant in Rem's provenance.

19. On or about January 13, 2014, the Dealer responded to Bonhams' January 10, 2014, email stating, in sum and substance, that he purchased the Defendant in Rem from an art dealer in Santiago, Chile in approximately March 2002.

20. On or about February 19, 2014, agents of INTERPOL questioned the Dealer in Santiago, Chile regarding his ownership

5

and provenance of the Defendant in Rem. In response to these inquiries the Dealer stated, in substance and in part, and in contravention of his email to Bonhams, that he had purchased the Defendant in Rem in late 2006 or early 2007 from two individuals in Santiago, Chile. The Dealer claimed that he could not state the names of either individual and that he no longer had any documentation regarding these individuals or this transaction in his possession.

## IV. CLAIMS FOR FORFEITURE

21. Incorporated herein are the allegations contained in paragraphs 1 through 21 of the verified complaint.

22. Title 19, United States Code, § 1595a(c) provides in pertinent part, "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows: (1) The merchandise shall be seized and forfeited if it - (A) is stolen, smuggled, or clandestinely imported or introduced [into the United States]."

23. Title 18, United States Code, § 545 provides in pertinent part that "[w]hoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been

6

imported or brought into the United States contrary to law," shall be subject to criminal penalties. 18 U.S.C. § 545 further provides in pertinent part that "[m]erchandise introduced into the United States in violation of this section . . . shall be forfeited to the United States."

24. Title 18, United States Code, § 2314 provides in pertinent part that "[w]hoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, the value of $5,000 of more, knowing the same to have been stolen, converted or taken by fraud," shall be subject to criminal penalties.

25. Title 18, United States Code, § 2315 provides in pertinent part that "[w]hoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more . . . which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken," shall be subject to criminal penalties.

26. Title 18, United States Code, U.S.C. § 981(a)(1)(C), subjects to forfeiture "any property, real or personal, which constitutes or is derived from proceeds traceable" to violations

of any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), which in turn incorporates those offenses listed in 18 U.S.C. § 1961(1). Such offenses include, *inter alia*, 18 U.S.C. § 2314 or 18 U.S.C. § 2315.

27. The Defendant in Rem is subject to forfeiture pursuant to 19 U.S.C. § 1595a(c) because there is probable cause to believe that the Defendant in Rem is stolen merchandise that was introduced into the United States contrary to law.

28. The Defendant in Rem is subject to forfeiture pursuant to 18 U.S.C. § 545 because there is probable cause to believe that the Defendant in Rem is merchandise which was introduced into the United States in violation of that section, in that the Dealer knowingly imported the Defendant in Rem into the United States knowing that it had been stolen, converted, or taken by fraud, and facilitated the transportation, concealment, or sale of the Defendant in Rem, knowing the same to have been imported or brought into the United States contrary to law.

29. The Defendant in Rem is further subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because there is probable cause to believe that the Defendant in Rem is property,

8

real or personal, which constitutes or is derived from a violation of 18 U.S.C. § 2314 and/or 18 U.S.C. § 2315.

Dated:   New York, New York
        May 20, 2015

                            PREET BHARARA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the Plaintiff
                            United States of America

By:  _____
     ANDREW C. ADAMS
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Tel. (212) 637-2340

# Ex. A



VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

Meridith A. Savona, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI") and as such has responsibility for the within action; that she has read the foregoing complaint and knows the contents thereof; and that the same is true to the best of her own knowledge, information and belief.

The sources of deponent's information and the ground of her belief are official records and files of the FBI, and other law enforcement agencies, and information and documents obtained and/or reviewed by deponent during an investigation of alleged violations of 18 U.S.C. §§ 545, 2314, and 2315, and 19 U.S.C. § 1595a(c).

                                                  Meridith A. Savona
                                                  Special agent
                                                  Federal Bureau Investigation

Sworn to before me this
20th day of May, 2015

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2018